# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF TEXAS
# FORT WORTH DIVISION

| | | |
|---|---|---|
| RUFINO MUNOZ, | § | |
| Petitioner, | § § § | |
| v. | § § | Civil Action No. 4:19-cv-324-O |
| UNITED STATES OF AMERICA, | § § § | |
| Respondent. | § | |

## OPINION AND ORDER

Before the Court is a Petition for a Writ of Habeas Corpus under U.S.C. § 2241 filed by Petitioner Rufino Munoz, a federal prisoner housed at FMC-Fort Worth, in Fort Worth, Texas. After considering the petition and relief sought by Petitioner and the applicable law, the Court concludes that the § 2241 petition must be dismissed.

**I.      BACKGROUND/CLAIM FOR RELIEF**

Petitioner Munoz informs that he is serving a term of 108 months' imprisonment. Pet. 1, ECF No.1. A review of Pacer records confirms that Rufino Villa Munoz was convicted of being a convicted felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1) and sentenced to the term of imprisonment noted above, in the United States District Court for the Western District of Texas, Midland Division. J., *United States v. Munoz*, No.7:12-cr-072–01 (W.D. Tex. July 20, 2012), ECF No. 38.[1] At this time, the Bureau of Prisons ("BOP") shows Munoz's projected release date as December 30, 2019. See www.bop.gov/inmate locator (last visited April 23, 2019).

---

[1] The Court takes judicial notice of the docket and records of Munoz's conviction in criminal case number 7-12-cr-072-01. *See* FED R. EVID. 201(B)(2) and (c)(1).

In the petition, Munoz alleges that he is eligible for a recalculation of the award of good time credits as a result of the First Step Act of 2018. Pet. 1, ECF No. 1. He requests that be provided 54 days of good time credit for each year of his sentence rather than 47 days. *Id.* Munoz seeks for this "Court to order the BOP to credit the extra 7 days the law requires . . . ." Pet 2, ECF No. 1.

## II. ANALYSIS

Section 102(b)(1) of the First Step Act of 2018, Public Law No. 115–391, amended 18 U.S.C. § 3624(b) to permit federal inmates to earn 54 days of good conduct time for each year of the prisoner's sentence imposed by the court, rather than for each year of the sentence served, effectively abrogating *Barber v. Thomas*, 560 U.S. 474, 476 (2010) (upholding the BOP's method of awarding good time credit at the end of each year the prisoner served). *See* Public Law 115-391, 132 Stat. 5194, § 102(b)(1). But the good time calculation provisions of the FSA 2018 amending § 3624(b) did not become effective when the law was signed on December 21, 2018. *See Banegas v. Wilson*, No. 4:19-CV-178-A (N.D. Tex. Mar. 26, 2019); *Roy v. Bureau of Prisons*, No. 2:19-CV-59-RMP, 2019 WL 1441622, at *1 (E.D. Wash. April 1, 2019). Rather, the good-time-credit change will not take effect until the attorney general completes the "risk and needs assessment system" required to be completed within 210 days after the December 21, 2018 enactment, as provided by §§ 101(a) and 102(b)(2) of the FSA 2018. *See Schmutzler v. Quintana*, No.5:19-046-DCR, 2019 WL 727794, at *2 (E.D. Ky. Feb. 20, 2019). Therefore, § 102(b)(1) will not take effect until approximately mid-July 2019. *Id.; Banegas*, No. 4:19-CV-178-A (doc. 7.)

Federal courts are limited under Article III of the Constitution to deciding "cases" and "controversies." U.S. CONST. art. III, § 2. "In order to give meaning to Article III's case-or-controversy requirement, the courts have developed justiciability doctrines, such as the standing and

2

ripeness doctrines." *Sample v. Morrison*, 406 F.3d 310, 312 (5th Cir. 2005) (citing *United Transp. Union v. Foster*, 205 F.3d 851, 857 (5th Cir. 2000) and *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 650 (1992)). The ripeness doctrine is designed "to prevent the courts, through avoidance of premature adjudication, from entangling themselves in abstract disagreements over administrative policies, and also to protect the agencies from judicial interference until an administrative decision has been formalized and its effects felt in a concrete way by the challenging parties." *Id.* (quoting *Nat'l Park Hosp. Ass'n v. Dep't of Interior*, 538 U.S. 803, 807-08 (2003)(internal citations omitted).

Because the BOP does not presently have the authority to recalculate Munoz's good time credit until the relevant provisions of the FSA 2018 take effect in approximately mid-July 2019, the question of whether the BOP has erred in the calculation of Munoz's sentence is premature. *Accord Banegas,* No. 4:19-CV-178-A (dismissing § 2241 petition seeking recalculation of good time credits as premature); *Gossman v. Underwood*, No.3:19-CV-351-G (BK) (N.D. Tex. April 1, 2019) (adopting findings, conclusions, and recommendation to dismiss § 2241 petition seeking recalculation of good time without prejudice as premature); *Roy*, 2019 WL 1441622 at *2 (discussing "ripeness" doctrine and finding that § 2241 petition challenging good time under the FSA was premature). Accordingly, Munoz's petition under § 2241 must be dismissed without prejudice.

### III. ORDER

For the reasons discussed herein, Petitioner Rufino Munoz's petition for relief under 28 U.S.C. § 2241 is **DISMISSED** without prejudice.

**SO ORDERED** this **23rd day** of **April, 2019.**

_____
Reed O'Connor
UNITED STATES DISTRICT JUDGE